*271 MEMORANDUM
COX, J.
Certain household goods were stored with plaintiff by Sarah Matek, otherwise known as Mrs. Milton Rubin, on October 17, 1933, who received a nonnegotiable warehouse receipt therefor.
On the following day, October 18, 1933, Milton Rubin made demand upon the plaintiff for return of the goods to him as rightful owner.
On August 21, 1934, the plaintiff filed a bill of interpleader in pursuance of sections 30 and 31, title 27, District of Columbia Code. Milton Rubin was served on August 22, 1934, and appeared and by answer asserted his claim to the goods on September 18, 1934. The other defendant made no appearance in the case, and, after due publication, a decree pro confesso was taken against her. On the hearing of the case the claim of Milton Rubin was sustained.
*272 On the matters in controversy between plaintiff and defendant Milton Rubin the Court has reached the following conclusions:
The goods were received for storage by the plaintiff in good faith from the defendant Sarah Matek who was in apparent possession thereof and who was in fact the wife of Milton Rubin.
The plaintiff was authorized under sections 30 and 31, title 27, District of Columbia Code, to bring the bill of inter-pleader.
A period of three months from and after October 18, 1933, was under the circumstances of the case “a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to interplead.” The delay from and after January 17, 1934, to August 21, 1934, was unreasonable and defeats the right of the plaintiff to lien for storage charges payable on the first day of each of the intervening seven months.
The plaintiff and defendant Milton Rubin to pay the costs incurred by each respectively, and plaintiff to have lien for handling charges and also for storage charges except for the period of seven months above mentioned.
Decree in accordance with this memorandum may be settled on notice.